Gregory S. Moesinger, gmoesinger@kmclaw.com, (#10680)
Michael F. Krieger, mkrieger@kmclaw.com, (#5984)
Adam D. Stevens, astevens@kmclaw.com, (#10986)
    Attorneys for Advanced Recovery Systems, LLC

**KIRTON | McCONKIE**
60 East South Temple, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Fax: (801) 321-4893

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADVANCED RECOVERY SYSTEMS, LLC, a Utah limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AGENCIES, LLC, a Pennsylvania limited liability company,<br>NRA GROUP, LLC D/B/A NATIONAL RECOVERY AGENCY, a Pennsylvania limited liability company,<br>Steven C. Kusic, CEO/managing member of American Agencies, LLC and/or NRA Group, LLC and<br>Steven C. Kusic, an individual<br><br>Defendants. | Civil Action No. 2:13-cv-00283-DBP<br><br>Magistrate Judge Dustin B. Pead<br><br>**COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND** |

The Plaintiff Advanced Recovery Systems, LLC complains of the Defendants American Agencies, LLC, NRA Group, LLC d/b/a/ National Recovery Agency, and Steven C. Kusic in his representative and individual capacity, and for a cause of action alleges as follows:

## PARTIES

1.      Plaintiff Advanced Recovery Systems, LLC ("ARS") is a Utah limited liability company having an address of 933 East 1910 South, Suite 101, Provo, UT 84606.

2.      Upon information and belief, Defendant American Agencies, LLC ("AA") is a Pennsylvania limited liability company with an address of 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

3.      Upon information and belief, Defendant NRA Group, LLC ("NRA") is a Pennsylvania limited liability company doing business as National Recovery Agency and with an address of 2491 Paxton Street, Harrisburg, Pennsylvania 17111. On information and belief, AA is a wholly-owned subsidiary of NRA.

4.      Upon information and belief, Defendant Steven C. Kusic is and/or represents himself as Chief Executive Officer of NRA and is a principal and owner of NRA, and has an address of 2380 Via Toscana, Harrisburg, PA 17112.

## JURISDICTION AND VENUE

5.      This action concerns contract disputes between ARS and the Defendants, totaling an amount in excess of $75,000.00 resulting from breach of contract and related conduct.

6.      Diversity jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

7.      Venue is proper pursuant to 28 U.S.C. § 1391.

8.      This Court has personal jurisdiction over the Defendants pursuant to Rule 4(k) of the Federal Rules of Civil Procedure and Utah Code Ann. § 78B-3-205 in that this action relates

to Defendants' transaction of business within the State of Utah, contracting to supply services in the State of Utah, and allegedly causing an injury within the State of Utah.

## GENERAL ALLEGATIONS

9. ARS is experienced in the development of flat-fee debt collection software, systems, and sales methodologies.

10. ARS and AA entered into a License Agreement on November 11, 2011 exclusively licensing intellectual property rights and rights to use software for debt collection services in the credit and collections industry from ARS to AA. A copy of the License Agreement is attached as Exhibit A.

11. Under the License Agreement, ARS and AA cooperated to develop the business of ARS and AA.

12. Sections 3.1-3.1.4 of the License Agreement require that AA pays ARS certain commissions.

13. Section 3.1.5 of the License Agreement requires that AA pays ARS the entire license fees collected from independent licensees.

14. Section 4.6 of the License Agreement requires that AA reimburse ARS for certain travel expenses incurred between November 11, 2011 and May 2013.

15. AA has failed to pay all commissions required of it according to Sections 3.1-3.1.4 of the License Agreement and has been habitually late in making commission payments that have been made.

16. In March 2013, AA failed to pay to ARS $150,000.00 of license fees collected from independent licensees as required by Sections 3.1.5 of the License Agreement.

17. AA has failed to reimburse ARS for its travel expenses according to Section 4.6 of the License Agreement, totaling approximately $19,000.00 in travel expenses reimbursements owed to ARS by AA for travel between approximately May 2012 to date.

18. In about February 2013, after representatives of ARS contacted AA about concerns ARS had about AA's potential breaches of the License Agreement, Kusic offered to sell AA to ARS and/or its principal owners at a set price.

19. After ARS and/or its principal owners accepted Kusic's offer and price, the parties began negotiating the details and terms of the sale of AA. As part of the negotiations and due diligence, ARS became aware of AA's underpayment of commissions and of discrepancies in AA's records relating to the commissions.

20. Pursuant to Sections 4.13.1 and 5.8 of the License Agreement, ARS provided AA with written notice of breach of the License Agreement on March 20, 2013, starting a thirty-day period ending April 19, 2013 in which AA could have cured its breaches of the License Agreement.

21. AA did not cure the breaches of the License Agreement identified in the notice of breach by the end of the cure period.

22. During negotiations to sell AA to ARS and/or its principal owners, Kusic repeatedly and significantly raised the proposed sales price of AA without adequate bases to do so.

23. In reliance on Kusic's agreement to sell AA at the fixed price offered in about February 2013, ARS began looking for partners and business opportunities to expand the AA business that ARS believed it would shortly own. ARS has incurred damages, including monetary damages and damages to its reputation and goodwill as a result of Kusic's failure to negotiate in good faith with respect to the agreed-upon sale of AA.

24. ARS and its representatives have at all times sought to comply with their obligations under the License Agreement.

25. The Defendants have benefited monetarily from the breaches of the License Agreement.

26. As a direct and proximate result of the acts of the Defendants and the exclusive nature of the License Agreement, ARS has already suffered damage, irreparable harm and will continue to suffer damages and irreparable harm.

27. ARS has also suffered monetary loss and damages as a result of the actions of the Defendants.

28. Section 4.13.1 of the License Agreement specifies that upon termination of the License Agreement by ARS for AA's breach, the intellectual property and software licenses of the License Agreement shall terminate as of the date of termination.

29. Section 14.13.2 specifies that AA may continue to use the licensed software and technology for ninety days after termination upon payment of any applicable commissions or other payments.

## FIRST CLAIM FOR RELIEF
### Breach of Contract (License Agreement)

30. ARS incorporates by reference all other allegations of this Complaint as though set forth here in full.

31. Under the License Agreement, the Defendants had a duty to pay commissions, reimburse ARS for travel expenses, and to pay license fees collected from independent licensees.

32. The Defendants breached the License Agreement by failing to pay ARS $150,000.00 in license fees collected from independent licensees, approximately $19,000.00 in unreimbursed travel expenses, and an unknown amount of commissions due.

33. After being notified of the breach of the License Agreement, AA refused to pay the amounts owing under the License Agreement.

34. ARS is entitled to damages, including interest, of the amounts due under the License Agreement.

35. As a result of the Defendants' breaches of contract, ARS has sustained damages in an amount to be proven at trial.

36. ARS is entitled to recover from the Defendants damages it has incurred as a result of the Defendants' breaches, including, but not limited to, the amounts set forth in paragraph 32, ARS's costs and attorneys' fees incurred herein, and interest thereon at the rate specified in the License Agreement and/or at the legal rate.

37. ARS is entitled to declaratory relief that the License Agreement is terminated and that AA no longer has an exclusive license to the intellectual property and software that is the subject of the License Agreement.

## SECOND CLAIM FOR RELIEF
### Breach of Contract/Specific Performance (Sale of AA to ARS)

38. ARS incorporates by reference all other allegations of this Complaint as though set forth here in full.

39. Kusic offered to sell AA to ARS and/or its principals at a fixed price in about February 2013 and ARS and/or its principals agreed to the sale and price offered by Kusic.

40. The offer by Kusic and the acceptance by ARS and/or its principals created an enforceable contract to sell AA to ARS and/or its principals at the offer price.

41. Kusic sabotaged the negotiations regarding the sale of AA to ARS by unilaterally changing material terms of the proposed sale that were agreed upon in the original offer and acceptance.

42. ARS has been damaged by the ongoing uncertainty surrounding the status of the AA acquisition. ARS has also been damaged monetarily and otherwise by its detrimental reliance on Kusic's accepted offer to sell AA whereby ARS took action to prepare for its ownership of AA. ARS has therefore sustained damages in an amount to be proven at trial.

43. ARS is entitled to recover from the Defendants damages it has incurred as a result of the Defendants breaches of the agreement to sell AA, including, but not limited to, lost profits, ARS's costs and attorneys' fees incurred herein, and interest thereon at the legal rate.

44. ARS is entitled to entry of an injunction or an order for specific performance requiring that Defendants sell AA to ARS at the set price originally offered by Kusic in about February 2013 or, alternatively, declaratory relief that Defendants breached the AA purchase agreement and that ARS and/or its principals have no further obligations under any agreement to purchase AA.

45. ARS is entitled to the entry of a temporary and permanent injunction prohibiting the defendants from selling AA to any other person or entity in breach of the agreement to sell AA to ARS and/or its principals without a release of AA by ARS and/or its principals from its obligations under Kusic's original offer to sell AA that was accepted by ARS and/or its principals.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment

46. ARS incorporates by reference all other allegations of this Complaint as though set forth here in full.

47. Subsequent to execution of the License Agreement, ARS and its employees or representatives have conferred a benefit, including a monetary benefit, upon AA, NRA, and/or Kusic through their efforts to develop and maximize the joint business of AA and ARA.

48. AA, NRA, and/or Kusic have actual knowledge of, recognized, and appreciated the benefit conferred upon it and/or them by the efforts of ARS in developing and maximizing the joint business of AA and ARA.

49. AA, NRA, and/or Kusic have accepted and retained the benefit conferred upon it and/or them through the actions and efforts of ARS.

50. It would be inequitable for AA, NRA, and/or Kusic to retain the benefit conferred upon it and/or them without payment of value.

51. Therefore, Defendants have been enriched, and ARS damaged, in an amount to be determined at trial, ARS's costs and attorneys' fees incurred herein, and interest thereon at the rate specified in the License Agreement and/or at the legal rate.

### FOURTH CLAIM FOR RELIEF
### Conversion

52. ARS incorporates by reference all other allegations of this Complaint as though set forth here in full.

53. ARS had and has an interest in the license fees collected from independent licensees as well as in royalties under the License Agreement.

54. The Defendants exercised dominion and control over the $150,000.00 in license fees collected from independent licensees, approximately $19,000.00 in unreimbursed travel expenses, and an unknown amount of commissions due, thus interfering with and disregarding ARS's interest in the funds that were tendered by independent licensees to be forwarded to ARS.

55. Therefore, ARS is entitled to recover the sums converted by the Defendants, or any one of them, in an amount to be determined at trial, but not less than $169,000.00, plus ARS's costs and attorneys' fees incurred herein, and interest thereon at the rate specified in the License Agreement and/or at the legal rate.

### FIFTH CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing

56. ARS incorporates by reference all other allegations of this Complaint as though set forth here in full.

57. An implied covenant of good faith and fair dealing generally inheres to all contractual relationships.

58. Under that covenant, each party impliedly promises that it will not do anything that will destroy or injure the other party's right to receive the fruits of the contract.

59. In this case, based upon the License Agreement, ARS reasonably expected and had rights to receive payment of license fees and royalties for the products and services provided to AA in the amount of at least $169,000.00.

60. Defendants effectively denied ARS its anticipated fruits under the License Agreement by failing to pay ARS for products and services provided, thereby breaching the covenant of good faith and fair dealing.

61. Defendants damaged ARS in an amount to be determined at trial, but not less than $169,000.00, plus all other damages, including interest, attorneys' fees, and court costs.

### SIXTH CLAIM FOR RELIEF
### Money Had and Received

62. ARS incorporates by reference all other allegations of this Complaint as though set forth here in full.

63. Defendants, either directly or indirectly through improper distributions from AA, obtained money from independent licensees on contracts that were based upon and fulfilled by the services and products that ARS provided.

64. In good conscience and under the circumstances, the money that the Defendants received from the independent licensees should be awarded to ARS, in an amount to be determined at trial, but not less than $150,000.00, plus all other damages, including interest, attorneys' fees, and court costs.

## **RELIEF**

WHEREFORE, the Plaintiff ARS demands Judgment against the defendants AA, NRA, and Kusic as follows:

A. For a full accounting of the commissions, license fees collected from independent licensees, and any other amounts due to ARS under the License Agreement.

B. For damages in an amount not less than $169,000.00 plus any unpaid commissions due under the License Agreement, plus accruing late fees, interest, and attorneys' fees and costs, or whatever the appropriate measure of damages is under the License Agreement or applicable law.

C. For damages for breach of the agreement to sell AA to ARS and/or its principals, including, but not limited to, all consequential damages and lost profits.

D.   For declaratory relief that the License Agreement is terminated due to AA's breaches thereof, and that AA's no longer has an exclusive license to the intellectual property and software licensed under the License Agreement.

E.   For an injunction prohibiting the Defendants from selling AA to any other person or entity in breach of the AA purchase agreement between Kusic and ARS and/or its principals.

F.   For an injunction or an order for specific performance requiring that Defendants sell AA to ARS at the set price originally offered by Kusic in about February 2013 or, alternatively, for declaratory relief that Defendants breached the AA purchase agreement and that ARS and/or its principals have no further obligations under any agreement to purchase AA.

G.   For ARS's reasonable attorneys' fees incurred in this action.

H.   For costs of suit incurred in this action and interest as provided by law.

I.   For such further relief as the Court may deem proper.

- 13 -

## DEMAND FOR JURY TRIAL

ARS hereby demands a jury trial on all claims and issues triable to a jury.

DATED this 22nd day of April, 2013.

        KIRTON & McCONKIE

By: __s/Michael Krieger_____
    Gregory S. Moesinger
    Michael F. Krieger
    Adam D. Stevens

Attorneys for Plaintiff
ADVANCED RECOVERY SYSTEMS, LLC

4834-2995-0995.1

COMPLAINT
AND JURY DEMAND

- 13 -