ROBERT O. RICE (6639)
LIESEL B. STEVENS (10431)
AARON K. OLSEN (14273)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Post Office Box 45385
Salt Lake City, UT 84145-0385
Phone: (801) 532-1500
rrice@rqn.com
lstevens@rqn.com
aolsen@rqn.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADVANCED RECOVERY SYSTEMS, LLC, a Utah limited liability company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN AGENCIES, LLC, a Pennsylvania limited liability company, NRA GROUP, LLC dba NATIONAL RECOVERY AGENCY, a Pennsylvania limited liability company, STEVEN C. KUSIC, CEO/managing member of American Agencies, LLC and/or NRA Group, LLC and STEVEN C. KUSIC, an individual,<br><br>　　　　Defendants.<br>_____<br>AMERICAN AGENCIES, LLC,<br><br>　　　　Defendant/Counterclaimant,<br><br>　v.<br><br>ADVANCED RECOVERY SYSTEMS, LLC, SCOTT MITCHELL, an individual, and BLAKE REYNOLDS, an individual.<br><br>　　　　Plaintiff/Counterclaim Defendants. | **DEFENDANT/COUNTERCLAIMANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND COUNTERCLAIM AND ADD PARTIES**<br><br>Case No. 2:13-cv-00283-DAK<br><br>Judge Dale A. Kimball |

Defendant and Counterclaimant American Agencies, LLC ("AA") hereby files its Reply Memorandum in Support of its Motion for Leave to Amend Counterclaim and Add Parties ("Motion to Amend").

## INTRODUCTION

Counterclaim Defendants fault AA for not complying with the Scheduling Order's September 30, 2013 deadline for filing amendments and adding parties and argue that the Motion to Amend should be denied as untimely. Yet the declarations and facts submitted by Counterclaim Defendants in their opposition memorandum confirm that the events that give rise to AA's proposed Amended Counterclaim did not occur, or were not disclosed, until well after September 30, 2013. It is clear, therefore, that AA has an adequate reason for not complying with the deadline.

There is also no merit to the argument that AA unreasonably delayed in filing its Motion to Amend. AA has diligently engaged in discovery, meeting all other deadlines and taking six depositions, including one of Defendant Scott Mitchell ("Mitchell"), who simply refused to appear for his duly-noticed deposition. In contrast, Counterclaim Defendants have not taken a single deposition and have much work to do to prepare their case. AA has also attempted to resolve its disputes with the additional parties prior to naming them as counterclaim defendants. Unfortunately those efforts were unsuccessful as AA has not been able to retrieve its proprietary customer data from the proposed added parties. The time spent by AA to prepare its Motion to Amend did not unduly delay this litigation or prejudice any party.

1

Discovery is ongoing. Indeed, this Court recently extended the deadlines for fact discovery through the end of this year, and expert discovery and dispositive motions until the spring of 2015. No trial date has yet been set. Since the Counterclaim Defendants will have ample opportunity to defend themselves against the proposed amended counterclaims, they cannot show that any prejudice will be caused by the granting of AA's Motion to Amend.

Finally, there is no validity to the arguments that AA's proposed amended counterclaims are futile or lacking in evidentiary support. The proposed Amended Counterclaim meets the pleading standards described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). Contrary to Counterclaim Defendants' arguments, AA has no obligation to prove its case at the pleading stage.

Courts in this circuit have a "strong preference for resolving cases on the merits, rather than on procedural technicalities." *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990) ("[R]igid adherence to the pretrial scheduling order is not advisable."). Accordingly, AA respectfully submits that this Court should grant AA's Motion to Amend in accordance with Rule 15's directive that leave to amend should be given freely when justice so requires.

## ARGUMENT

**A.   THERE IS GOOD CAUSE TO GRANT AA LEAVE TO AMEND AFTER THE DEADLINE FOR AMENDMENTS HAS PASSED.**

Counterclaim Defendants are correct that the initial Scheduling Order in this case provided that the last day to file motions to amend pleadings or add parties was September 30,

2013.[1]  However, as confirmed by Counterclaim Defendants in their opposition memorandum, the events which give rise to AA's proposed amended counterclaim occurred or were not disclosed until *after* September 30, 2013.  Thus, it would not have been possible for AA to seek to add its proposed amended counterclaims or additional parties prior to the September 30, 2013 deadline.

For example, ARS first disclosed in discovery on December 17, 2013 that ARS had been sold to Kinum, Inc. ("Kinum").[2]  In February 2014, Counterclaim Defendants Kinum and Brent Sloan purported to transfer and assign all rights and obligations in the License Agreement between AA and ARS to Sajax Software, LLC ("Sajax").[3]  Counterclaim Defendants produced evidence that AA knew about this transfer to Sajax in mid-March 2014.[4]  As for Sloan's involvement, Counterclaim Defendants confirmed that his email directing Tracy Davis to surreptitiously solicit AA's customers was first produced in discovery on December 17, 2013[5], although AA did not obtain deposition testimony from Ms. Davis about it until May 2014.[6] Finally, it was only by learning about Kinum's involvement after the September 30 deadline that AA discovered the full breadth of the fraudulent scheme maintained by Reynolds, Mitchell and ARS, *i.e.*, that they never intended to provide AA with an exclusive license because they were planning to conduct, or already conducting, business with Kinum.

---

[1] *See* Scheduling Order and Order Vacating Hearing, entered July 22, 2013 [Dkt. #24].
[2] *See* Declaration of Adam Stevens ("A. Stevens Dec."), submitted in Opposition to AA's Motion for Leave to Amend, at ¶ 6.
[3] A copy of the referenced written agreement between Sajax, Kinum, Reynolds and others, dated February 7, 2014, was first produced to AA in discovery in this action on April 22, 2014.  Declaration of Robert O. Rice ("Rice Dec."), ¶ 3, attached hereto as Exhibit 1.
[4] *See* Declaration of Joshua Bunting, submitted in Opposition to AA's Motion for Leave to Amend, at ¶ 2.
[5] A. Stevens Dec., ¶ 5.
[6] *See* transcript from Tracy Davis Deposition, at 126-27, attached as Exhibit B to AA's Motion for Leave to Amend.

3

Although AA has moved to amend before Counterclaim Defendants have performed any meaningful discovery, "[l]ateness does not of itself justify the denial of the amendment." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. Instead, denial of leave to amend may be appropriate under Rule 15 when the party filing the motion has "no adequate explanation" for the delay. *Id.* (reversed trial court's denial of leave to amend just three weeks before scheduled start of trial because moving party had adequate explanation for the delay (moving party assumed new claim was already within scope of existing claims)).

Rule 16(b) of the Federal Rules of Civil Procedure also applies because the amendment is sought after the September 30 deadline. Demonstrating good cause under Rule 16 "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Von Collenberg v. Silverado Academy*, *LLC,* No. 2:11-cv-574-DN-PMW, 2014 WL 345395, *9 (D. Utah Jan. 30, 2014). Given the similarity between the Rule 16(b) good cause standard and undue delay analysis under Rule 15, courts often consider them together. *See e.g., Von Collenberg*, 2014 WL 345395, *10; and *inContact, Inc. v. Sell at Home, LLC*, No. 2:10-cv-1125-TS-PMW, 2011 WL 6151458, *4 (D. Utah Dec. 12, 2011).

AA has an adequate explanation for why it did not seek leave to amend prior to the deadline, which is the fact that the events giving rise to the amended claims did not occur or were not disclosed until after the amendment deadline. Counterclaim Defendants complain that

4

AA could have moved to amend months earlier than it did. However, as evidenced by the email correspondence attached to Joshua Bunting's Declaration, AA attempted to resolve its conflict with Sajax prior to filing suit against Sajax and the other added related parties. Counterclaim Defendants also ignore that in May 2014, AA gave formal notice to ARS of its breach of the License Agreement arising from its sale to first Kinum and then Sajax, and gave ARS the required 15 days to cure its breach and/or 30 days to cure its default. When ARS failed to cure, AA prepared its proposed amended counterclaim.[7]

AA has been very diligent in attempting to meet all deadlines in this case and this is its first unilateral request to extend any deadline. AA has diligently engaged in discovery, by propounding written discovery requests and taking the depositions of Blake Reynolds and 4 third party witnesses. (AA noticed the deposition of Scott Mitchell but he failed to appear.) Counterclaim Defendants, on the other hand, have not taken any depositions in this case to date.

Admittedly, AA did not rush to seek to amend its counterclaim. Rather AA spent time attempting to resolve matters with Sajax, reviewing the evidence produced in discovery, searching for additional evidence, and researching and evaluating potential claims. As set forth more fully below, the additional time spent carefully preparing amended pleadings did not cause any prejudice to any party in the case, especially since Defendants have barely begun to prepare their case. Moreover, there is no indication that AA has been intentionally or unduly dilatory. *See inContact*, 2011 WL 6151458, *4 (court allowed defendant to add counterclaim after

---

[7] Rice Dec., ¶ 5.

5

deadline for amending pleadings had passed where "delay was the result of confusion and a lack of communication, rather than the result of some intentional dilatory motive").

Considering the circumstances, therefore, AA has established an adequate explanation for its delay and has met the standards of Rules 15 and 16 of the Federal Rules of Civil Procedure.[8] It is well within this Court's discretion to allow AA's proposed amendments so that the parties may be given the "maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204; *see also Brigham Young University v. Pfizer, Inc.*, No. 2:06-cv-890 TS BCW, 2010 WL 2382593 (D. Utah June 14, 2010) (court allowed plaintiff to amend complaint after deadline had passed, case had been pending for more than three years, and trial date was fast approaching).

### B. THE PROPOSED AMENDMENTS DO NOT CAUSE PREJUDICE.

When considering a motion to amend under Rule 15, "[t]ypically, courts will find prejudice only when an amendment unfairly affects non-movants 'in terms of preparing their response to the amendment.'" *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (held that district court's granting of defendants' late motion to amend did not unduly prejudice plaintiffs) (quoting *Minter*, 451 F.3d at 1208); *Von Collenburg*, 2014 WL 345395, *10 (late amendment permitted where discovery was ongoing and defendant would "not be unfairly affected in terms of preparing its defense" to addition of new parties). The "expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin*, 568 F.3d at 1230. Instead, prejudice may occur when the amended claims arise out of a subject matter different from what

---

[8] To the extent that Fed. R. Civ. P. 6(b)(1)(B) requires AA to show "excusable neglect" for moving to amend after the September 30, 2013 deadline, that showing has been made with evidence that the facts giving rise to the amended counterclaim did not arise, or were not disclosed, until after September 30, 2013.

6

was set forth in the complaint or raise significant factual issues.  *Minter*, at 1208; *inContact*, at *5 (amended counterclaim allowed where dealt with similar factual issues and subject matter).

Here, AA's proposed amendments relate to the same subject matter covered by the first counterclaim, which is generally the rights and obligations arising from the License Agreement and the rights to AA's proprietary and trade secret information.  The new claims against proposed new parties, Kinum, Sajax and Sloan, also arise from their purchase or other acquisition of ARS's rights and obligations under the License Agreement and their conduct in concert with ARS to misappropriate AA's proprietary and trade secrets.  Thus, AA's proposed Amended Counterclaim does not unfairly expand the scope of the existing factual issues or subject matter of the case.

Finally, ARS, Mitchell and Reynolds have ample opportunity to defend themselves against the amended counterclaims.  The parties have stipulated to, and the court has ordered, extensions of fact discovery until December 31, 2014, expert discovery until March 31, 2015, and dispositive motions until April 30, 2015.[9]  ARS, Mitchell and Reynolds have not yet taken any depositions in the case.  Moreover, they have not identified any way in which they would be prejudiced by the addition of Kinum, Sajax or Sloan as parties in the case.  As courts have explained, the expenditure of time, money and effort does not constitute prejudice. *E.g., Bylin*, 568 F.3d at 1230.

---

[9] *See* Fourth Amended Scheduling Order, entered Oct. 3, 2014 (Dkt. # 52).

7

      C.      **COUNTERCLAIM DEFENDANTS' ARGUMENTS OF FUTILITY ARE UNFOUNDED**.

Counterclaim Defendants argue that AA's proposed Amended Counterclaim is futile because AA failed to provide evidentiary support for its new claims. AA has no obligation at the pleading stage, however, to support its proposed counterclaims with evidence. Instead, AA must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). When considering whether a party has adequately stated a claim for relief, the court presumes the truth of all well-pleaded facts in the complaint. *Margae, Inc. v. Clear Link Tech.*, 620 F.Supp.2d 1284, 1285 (D. Utah 2009). "A plaintiff is not required to prove its case at the pleading stage." *Klein v. Wings Over the World Ministries*, No. 2:12-cv-00023-DN, 2013 WL 1284356, *2 (D. Utah March 27, 2013).

Counterclaim Defendants further argue that the proposed new claims against them are unnecessary and duplicative. This argument also fails because the new facts discovered by AA support the new proposed claims of fraud, promissory estoppel and unjust enrichment. Although these proposed claims are related to the existing claims pled by AA, they are not duplicative and instead add new theories of liability and damages. Rules 8(d)(2) and (3) of the Federal Rules of Civil Procedure authorize a party to state as many separate claims as it has, regardless of consistency and to seek relief in the alternative. AA should be permitted to amend its counterclaim to allege all claims it has against Counterclaim Defendants in the interest of efficiently and fully resolving all claims and disputes in one action.

Finally, Counterclaim Defendants argue that the proposed new claim of copyright infringement is futile because there is no evidence that the allegedly infringed creative works

have been registered by the Copyright Office. Setting aside the fact that AA need not evidence its claims at this stage, in fact AA has received copyright registrations for the creative works at issue, namely U.S. Copyright Registration Numbers TX 7-924-522 and TX 7-923-333.[10] Under Tenth Circuit law, "suits for infringement can be brought when a copyright is registered, and such registration occurs when the Copyright Office approves the application." *See La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195,1203 (10th Cir. 2005) (abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S.154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010)). Because of AA's copyright registrations, its copyright claim is not futile.

In addition, while Counterclaim Defendants cite section 411(a) of the Copyright Act to support their position, the U.S. Supreme Court has said that the registration requirement of section 411(a) is merely a nonjurisdictional precondition to suit and has declined to address whether section 411(a)'s registration requirement is a mandatory precondition to suit. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166-171 (2010) ("We also decline to address whether §411(a)'s registration requirement is a mandatory precondition to suit."). In fact, courts have allowed parties to amend their complaints to add copyright infringement claims where the plaintiff has not registered the copyrights at the time of the original filing of the complaint. *See, e.g. ISC v. Altech, Inc.*, 765 F. Supp. 1308 (N.D. Ill. 1990)(Court allowed plaintiff to amend complaint adding a copyright infringement claim because the copyrights were registered at the time the plaintiff filed the amended complaint even though the copyrights were not registered

---

[10] *See* Exhibits 2 and 3, showing U.S. Copyright Registration Numbers TX 7-924-522 and TX 7-923-333.

when the original complaint was filed.)  For these additional reasons, AA's claim is not futile and AA should be granted leave to file its proposed Amended Counterclaim.

## CONCLUSION

For all of the foregoing reasons, AA should be granted leave to file its proposed Amended Counterclaim.

DATED this 27th day of October, 2014.

        RAY QUINNEY & NEBEKER P.C.


        /s/ Robert O. Rice
        Robert O. Rice
        Liesel B. Stevens
        Aaron K. Olsen

        *Attorneys for Defendants*

## CERTIFICATE OF MAILING

I hereby certify that on this 27th day of October 2014, a true and correct copy of the foregoing **DEFENDANT/COUNTERCLAIMANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND COUNTERCLAIM AND ADD PARTIES** was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Gregory S. Moesinger
>Michael F. Krieger
>Adam D. Stevens
>KIRTON McCONKIE
>60 East South Temple, Suite 1800
>Salt Lake City, Utah  84111
>gmoesinger@kmclaw.com
>mkrieger@kmclaw.com
>astevens@kmclaw.com

/s/ Marci Meyers

1302185