IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ADVANCED RECOVERY SYSTEMS, LLC,**<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**AMERICAN AGENCIES, LLC, ET AL.,**<br><br>　　　　**Defendants,**<br><br>---<br><br>**AMERICAN AGENCIES, LLC,**<br><br>　　　　**Counterclaimant,**<br><br>vs.<br><br>**ADVANCED RECOVERYS SYSTEMS, LLC, SCOTT MITCHELL, BLAKE REYNOLDS,**<br><br>　　　　**Counterclaim Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13CV283DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Defendant and Counterclaimant American Agencies, LLC's ("AA") Motion for Leave to Amend Counterclaim and Add Parties. The motion is fully briefed and neither party has requested a hearing. The court does not believe that a hearing would significantly aid in its determination of this motion. Having fully considered the motion, memoranda, and exhibits submitted by the parties and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

AA's seeks leave to amend its Counterclaim to add Counterclaim Defendants Kinum, Inc., Sajax Software LLC, and Brent Sloan, and to allege new claims for unjust enrichment against Sloan and Kinum, violation of the Utah Unfair Competition Act against Sajax, copyright infringement against Reynolds, Mitchell, Sloan, ARS, and Kinum, as well as, promissory estoppel, unjust enrichment, and fraud in the inducement against Mitchell, Reynolds, and ARS.

Rule 15 governs the amendment of pleadings and states that when leave of court is necessary "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In this case, because AA seeks leave to amend after the deadline for amending pleadings, the good cause requirement of Rule 16(b) of the Federal Rules of Civil Procedure also applies. Demonstrating good cause under Rule 16 "requires the moving party to show that it has been diligent in attempting to meet deadlines, which means it must provide an adequate explanation for any delay." *Von Collenberg v. Silverado Academy, LLC,* 2014 WL 345395, *9 (D. Utah Jan. 30, 2014).

The deadline for amending pleadings in this case was September 30, 2013. However, the discovery deadline is not until December 31, 2014. AA asserts that while conducting diligent discovery in this matter, it learned of the facts supporting the additional claims and parties. ARS did not disclose that it had been sold to Kinum, Inc. Until December 17, 2013. In mid-March 2014, AA learned that Kinum and Sloan purported to transfer and assign all rights and obligations in the License Agreement between AA and ARS to Sajax Software. Therefore, many of the events giving rise to the amended claims did not occur or become known to AA until well

after the amendment deadline.  The court, therefore, finds good cause for the amendment.

Counterclaim Defendants argue that after learning of the new information, AA could have moved for leave to amend several months earlier than it did.  However, AA provides email correspondence demonstrating that AA attempted to resolve its conflict with Sajax prior to filing suit against Sajax and the other added related parties.  In addition, after learning of the information, AA gave formal notice to ARS of its alleged breach of the License Agreement arising from its sale to Kinum and then Sajax and was required to give ARS time to cure its breach.  When ARS did not cure its alleged breach, AA moved to amend its counterclaim.  The court finds no lack of diligence or unreasonable delay in AA's conduct.

Moreover, the court prefers to hear claims on their merits rather than dispose of them on procedural technicalities.  Given the amount of time for discovery after the deadline for amending pleadings in this case, it is not surprising for new claims to be discovered.  Accordingly, the court concludes that AA has adequately explained its delay in seeking leave to amend under the standards of Rules 15 and 16 of the Federal Rules of Civil Procedure.

In addition, the court finds no prejudice to ARS in allowing the amendment.  The claims and parties are all interrelated to the original dispute.  Despite a lengthy period of discovery, ARS has conducted little discovery of its own and can hardly be heard to complain that only a few months of discovery remain.  In addition, it took ARS over two months to respond to AA's motion for leave to amend.  While the court recognizes that the parties were attempting to settle the matter in mediation, there is no evidence that slight delays in this case is working any prejudice on any party. Furthermore, to the extent that the additional parties and claims require some additional time to conduct discovery, the court will extend the discovery period up to four additional months and move back the parties other deadlines accordingly.  The parties should

notify the court if this extension is desired.

Counterclaim Defendants also object to the additional claims on the grounds that such claims are merely duplicative of other causes of action already stated in AA's Counterclaim and granting leave to amend the Counterclaim to add these claims would be futile because they are subject to dismissal. However, AA alleges new facts that support additional claims and Rule 8(d)(2) and (3) of the Federal Rules of Civil Procedure authorize a party to state as many separate claims as it has. In addition, the only ground for claiming that AA's copyright claim was futile was an alleged lack of copyright registration. However, AA provided the registration information in reply. The court, therefore, concludes that the claims are not duplicative or futile. Accordingly, the court grants AA's motion for leave to file its Amended Counterclaim. AA shall file its proposed Amended Counterclaim within 7 days of the date of this Order.

DATED this 4th day of November, 2014.

DALE A. KIMBALL
United States District Judge