IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADVANCED RECOVERY SYSTEMS, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AGENCIES, LLC, a Pennsylvania limited liability company, NRA GROUP, LLC dba NATIONAL RECOVERY AGENCY, a Pennsylvania limited liability company, STEVEN C. KUSIC, CEO/managing member of Amercian Agencies, LLC and/or NRA Group, LLC and STEVEN C. KUSIC, an individual,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-00283-DAK |
| AMERICAN AGENCIES, LLC,<br><br>    Defendant/Counterclaimant,<br><br>v.<br><br>ADVANCED RECOVERY SYSTEMS, LLC; SCOTT MITCHELL, an individual; BLAKE REYNOLDS, an individual; KINUM, INC.; BRENT SLOAN, an individual; and SAJAX SOFTWARE, LLC.<br><br>    Plaintiff/Counterclaim Defendants | |

1

| |
|---|
| **SAJAX SOFTWARE, LLC,** |
| **Counterclaimant,** |
| v. |
| **AMERICAN AGENCIES, LLC,** |
| **Counterclaim Defendant.** |

This matter comes before the court on Counterclaim Defendant American Agencies, LLC's ("AA") Motion to Dismiss certain claims brought by Counterclaimant Sajax Software, LLC ("Sajax") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Sajax has failed to state a claim upon which relief can be granted. Alternatively, AA moves to dismiss certain claims brought by Sajax for a lack of standing. Also before the court is the Motion to Dismiss the Copyright Infringement cause of action in AA's Amended Counterclaim brought by Counterclaim Defendants Advanced Recovery Systems, LLC ("ARS"), Kinum, Inc. ("Kinum"), Scott Mitchell ("Mitchell"), Blake Reynolds ("Reynolds"), and Brent Sloan ("Sloan"), (collectively "Counterclaim Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The court held a hearing on the motions on July 1, 2015. At the hearing, AA was represented by Robert Rice and Aaron Olsen, and Sajax was represented by Bernard Madsen. Counsel for the Counterclaim Defendants did not appear. The court took the motions under advisement. Having carefully considered the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

**BACKGROUND**

On November 11, 2011, ARS and AA entered a license agreement ("AA Agreement") in which ARS assigned AA exclusive rights to use software for debt collection services. Under the AA Agreement, ARS recruited independent licensees to AA and assisted in managing licensees within AA. In return, AA agreed to pay commissions to ARS.

Under Section 3.1.5 of the AA Agreement, AA is required to pay ARS the entire license fees collected from independent licensees. On or around March 2013, ARS alleges that AA failed to comply with this portion of the contract. On March 20, 2013, ARS notified AA by written notice that it was in breach of the AA Agreement, triggering a 30-day window in which AA could cure its breach. ARS alleges that AA failed to cure the breach during that time, and therefore, the AA Agreement was terminated.

On April 22, 2013, ARS filed suit against AA, alleging causes of action for breach of contract under the AA Agreement, breach of contract in the sale of AA to ARS, unjust enrichment, conversion of $150,000 in license fees, breach of covenant of good faith and fair dealing, and money had and received. ARS alleges that AA has failed to pay in full for all license fees received and that AA has habitually been late in paying the fees that have been paid.

AA, however, alleges that on March 6, 2013, prior to its alleged breach it provided ARS with a written notice of ARS's breach of the AA Agreement. AA further alleges that ARS failed to show cause why the breach was not intentional or in their control as required by the AA Agreement. Section 4 of the AA Agreement stipulates that in the event that ARS fails to cure, or show cause for, a breach, all payments due from

AA from the date of the breach are waived and the license granted under Section 2 of the AA Agreement continues as if the breach had not occurred.

In or about early 2014, ARS was sold to Kinum, and Kinum licensed the ARS software to Sajax and granted "all rights and obligations in and to the AA Agreement" to Sajax. Kinum Agreement ¶ 3. Accordingly, AA filed its Counterclaim against ARS, Scott Mitchell, Blake Reynolds, Kinum, Brent Sloan, and Sajax (collectively "Counterclaim Defendants"). AA claims that the agreement to sell ARS to Kinum and to license the ARS software to Sajax was invalid under the AA Agreement, which granted AA with a right of first refusal. Accordingly, AA alleges causes of action for breach of contract under the AA Agreement, breach of the implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, fraud in the inducement, interference with existing contractual relations, interference with prospective business relations, a violation of the Utah Trade Secrets Act, a violation of the Utah Unfair Competition Act, and copyright infringement. In response, the Counterclaim Defendants filed this Joint Motion to Dismiss the copyright infringement cause of action for failure to state a claim.

After obtaining a license to the ARS software, Sajax continued to allow AA use of the software. Sajax alleges that during this time, AA repeatedly attempted to obtain access to the ARS software database in order to copy software source code so that it could develop a competing platform. Accordingly, Sajax filed a Counterclaim against AA. AA brings this present Motion to Dismiss some of Sajax's counterclaims for failure to state a claim and lack of standing.

## DISCUSSION

### AA's Motion to Dismiss Sajax's Counterclaims

### 1. Claim for Breach of Contract/Declaratory Judgment

AA seeks dismissal of Sajax's claim for Breach of Contract/Declaratory Judgment, arguing that Sajax has failed to allege the existence of a contract between Sajax and AA and, therefore, Sajax has failed to state a breach of contract claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). AA argues that Sajax did not meet the standard set out in *Iqbal* because Sajax did not plead sufficient factual matter and, even if Sajax did, Sajax's allegations are not plausible.

First, AA argues that Sajax has failed to allege a legal interest in the AA Agreement, an essential element of any breach of contract claim. AA points out that the AA Agreement does not mention Sajax and that Sajax admits in its Counterclaim that it "had no dealings with AA" at the time the AA Agreement was made. *See generally* AA Agreement; Sajax Counterclaim, ¶ 37. AA also notes that the AA Agreement provided AA with the right of first refusal should ARS wish to be acquired by another entity. Because AA alleges that its right of first refusal invalidates the Kinum Agreement, it claims that Sajax has not acquired the ARS software or rights and obligations existing under the AA Agreement. AA Agreement § 4.13.4.

Although the AA Agreement did not involve Sajax when it was made, ARS attempted to assign all of its "rights and obligations in and to the AA Agreement" to Sajax in the Kinum Agreement prior to Sajax's filing of a Counterclaim against AA. Kinum Agreement, ¶ 3. In addition, Sajax's Counterclaim asserts that it is a successor to

5

the AA Agreement. *See* Sajax Counterclaim, ¶ 69. On a motion to dismiss, the court must give all favorable inferences to the nonmoving party. ARS's assignment, as evidenced in the Kinum Agreement, coupled with Sajax's Counterclaim, contains sufficient factual matter to establish Sajax's alleged interest in the AA Agreement and to survive a motion to dismiss.

AA, however, argues that even if the court finds that Sajax has pleaded sufficient factual evidence, dismissal is still appropriate because Sajax's Counterclaim is implausible for two reasons. First, AA argues that because Sajax has already alleged that the AA Agreement was terminated due to AA's breach, there were no rights or obligations for ARS to assign to Sajax when the Kinum Agreement was made. Secondly, if the court were to find that the AA Agreement had not been terminated, then AA's right of first refusal would have invalidated ARS's assignment of rights and obligations to Sajax. However, the court concludes that neither of these arguments are persuasive at the motion to dismiss stage.

Assuming the facts Sajax has pleaded are true, it is plausible that Sajax is entitled to the relief it seeks. Sajax pleaded that it obtained rights from ARS after AA had materially breached the AA Agreement. Although AA's alleged material breach of the AA Agreement would have terminated most of the rights and obligations that ARS assigned to Sajax, it would not have terminated a right to sue. *See Wilcox v. Plummer's Ex'rs*, 29 U.S. 172, 177 (U.S. 1830) (explaining the long-held legal principal that when the cause of action is a breach of contract or neglect of duty, the right to sue arises immediately on that breach of contract or neglect of duty and is not extinguished until a legal remedy has been determined). Under the facts Sajax has alleged, therefore, it is

6

plausible that, even if all other rights and obligations under the AA Agreement were terminated by AA's alleged material breach, ARS's assignment to Sajax of the right to sue was still valid.

Furthermore, under Utah law, even if the AA Agreement had not been terminated by AA's alleged material breach, AA's right of first refusal would not have prevented ARS's assignment of a right to sue to Sajax. "As a general rule, a contract provision prohibiting the assignment of the contract itself, or of rights and privileges under the contract, does not, unless a different intention is manifested, prohibit the assignment of a claim for damages on account of breach of the contract." *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Associates, Inc.*, 2001 UT 54, ¶ 11, 28 P.3d 669, 674; *See Fuller v. Favorite Theatres Co.,* 119 Utah 570, 230 P.2d 335, 336 (Utah 1951) ("the provision prohibiting the assignability of the contract itself does not affect the assignability of a cause of action which has arisen from the breach."). Therefore, Sajax has pleaded a plausible breach of contract claim regardless of whether the AA Agreement had been terminated by AA's alleged material breach. Accordingly, the court finds no basis for dismissing Sajax's breach of contract/declaratory judgment counterclaim against AA.

### 2. Claim under the Utah Uniform Trade Secrets Act

AA next argues that Sajax has failed to state a claim for which relief can be granted under the Utah Uniform Trade Secrets Act ("UTSA") because Sajax failed to satisfy the pleading requirements set out in Rule 9(c) of the Federal Rules of Civil Procedure. Under Rule 9(c), when a party pleads "a condition precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

AA contends that Sajax failed to comply with Rule 9(c) because the AA Agreement assigned AA with a right of first refusal. AA claims, therefore, that prior to asserting any rights to the ARS software under the subsequent Kinum Agreement, Sajax should have first alleged that AA had waived its right of first refusal or otherwise shown that this condition precedent had been satisfied. AA also points to the text of the Kinum Agreement, which contains an unsigned line where AA could have waived its right of first refusal, as proof that the condition precedent has not been satisfied in this case. Because AA believes that its failure to waive its right of first refusal invalidates the Kinum Agreement, it argues that Sajax has no legal right over the ARS software and, therefore, no right to sue under the UTSA.

As plausible as AA's rendition of the facts may be, it does not provide a sufficient basis for dismissal. In reviewing a motion to dismiss for failure to state a claim, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Pace v. Swerdlow*, 519 F.3d 1067, 1037 (10th Cir. 2008). AA's entire case for dismissal hinges on its belief that Sajax did not acquire legal ownership over the ARS software. It is Sajax's Counterclaim that has been called into question and, therefore, for this motion the court must accept the facts as Sajax, not AA, has alleged them. According to the facts in Sajax's Counterclaim, AA no longer had a right of first refusal because the AA agreement had been terminated by AA's material breach, and ARS assigned all rights to the software to Sajax. Therefore, Sajax owned the rights to the software in question and had a legal right to pursue a remedy against AA under the UTSA. Therefore, the court concludes that there is no basis for dismissing Sajax's UTSA claim.

### 3. Claim under the Unfair Competition Act

AA further argues that Sajax's claim under the Utah Unfair Competition Act ("UCA") should be dismissed on the grounds that the UTSA preempts any other claims based upon the misappropriation of a trade secret. In its Opposition to AA's Motion, Sajax acknowledged that the UTSA ordinarily preempts other claims, but Sajax relies on section 13-24-8 of the UTSA, which contains an exception for contract remedies. Utah Code Ann. § 13-24-8 (stating that the UTSA does not affect "contractual remedies, whether or not based upon misappropriation of a trade secret.").

Sajax argues that according to Section 13-24-8, its UCA claim is not preempted because it is based on a contract claim and, therefore, can be considered a contractual remedy. However, Sajax's interpretation misconstrues the plain language of Section 13-24-8(2)(a), which states that "contractual remedies" are still available, even when "based upon [the] the misappropriation of a trade secret." Sajax's interpretation inverts the meaning of the text so that non-contractual remedies are available when based upon a contract claim. Sajax offers no case law or other support in favor of their argument that the UTSA exception should be expanded in such a way.

Alternatively, at the hearing, Sajax argued that its UCA claim should not be dismissed because AA has also brought a claim under the UCA that is based upon the misappropriation of a trade secret. There is no motion to dismiss AA's claim. However, AA conceded that to the extent that its UCA claim alleges the misappropriation of a trade secret it would be preempted by the UTSA. However, AA pointed out that it still has a valid UCA claim against Sajax based on allegations of malicious cyber activity. Sajax's counterclaim against AA similarly alleges malicious cyber activity under the UCA. That

portion of the UCA claim, therefore, survives the motion to dismiss. Accordingly, the court dismisses Sajax's UCA claim only to the extent that it is based upon the misappropriation of a trade secret.

For the reasons stated above, AA's Motion to Dismiss is granted in part and denied in part. Sajax's counterclaim for Breach of Contract/Declaratory Judgment and Sajax's counterclaim under the Utah Trade Secrets Act are not dismissed. However, AA's and Sajax's claims under the Utah Unfair Competition Act, to the extent that they are based upon the misappropriation of a trade secret, are dismissed.

### Counterclaim Defendant's Renewed Joint Motion to Dismiss

Counterclaim Defendants jointly move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the copyright infringement cause of action in AA's Amended Counterclaim. Counterclaim Defendants failed to appear at the hearing held on July 1, 2015. Therefore, the court will decide this motion on the written memoranda filed by the parties.

Counterclaim Defendants argue that AA's counterclaim has not met the standard set out in Rule 8(a) of the Federal Rules of Civil Procedure for three reasons. First, Counterclaim Defendants argue that AA failed to reasonably identify any of the allegedly infringing works. Second, Counterclaim Defendants argue that AA's claims were merely conclusory statements that fail to reasonably provide notice of the factual bases for the claim. Finally, Counterclaim Defendants argue that section 411(a) of the Copyright Act prohibits an action for copyright infringement where the work has not been registered.

Counterclaim Defendants assert that, although AA specifically identified two creative works that it alleges have been infringed, these works do not fit the description

of what AA calls "certain internal, sales, and training materials." (Second Amended Counterclaim, ¶ 80).

However, AA contends that it is only alleging copyright infringement of the two specifically identified materials and it attached the copyright certificate for both of them to its Counterclaim. Although AA's Counterclaim may include broader language, Counterclaim Defendants are now sufficiently on notice that the claim only involves the two identified materials. Counterclaim Defendants also argue that AA failed to specifically identify the way that they infringed the identified copyright materials. However, AA alleged in its Counterclaim that Counterclaim Defendants "infringed the copyrights in the AA Creative Works by advertising, marketing, copying, offering, and/or distributing infringing materials . . . without approval or authorization from AA." (Id. at ¶¶ 83, 248). Therefore, the court finds that AA has reasonably identified the allegedly infringing works and has stated a sufficient factual basis for its claim.

Counterclaim Defendants's second argument for dismissal is that the allegations in AA's Counterclaim amount to mere legal conclusions. The reasoning and evidence provided by Counterclaim Defendants for this argument are essentially identical to what was offered in support of the Counterclaim Defendants's first argument. Therefore, this argument is without merit for the same reasons identified above.

Finally, Counterclaim Defendants note that section 411(a) of the Copyright Act prohibits an action for copyright infringement where the work has not been registered and argue that, because most of the alleged creative works are not copyrighted, AA has not stated a valid claim. However, as stated above, AA's claim is limited to the two specifically identified materials and AA attached the copyright certificate for both of

them to its Counterclaim. Therefore, Counterclaim Defendants's arguments are not a basis for dismissal of AA's copyright infringement claim. Accordingly, the court denies Counterclaim Defendants's Motion to Dismiss.

Additionally, in light of Counterclaim Defendants's failure to appear and considering that this is their third Motion to Dismiss AA's Copyright Infringement cause of action, AA has submitted a Motion for Attorneys' Fees in connection with the Counterclaim Defendants's Joint Motion to Dismiss. The court will consider this motion separately.

## CONCLUSION

For the reasons stated above, AA's Motion to Dismiss Sajax's Counterclaim is GRANTED IN PART AND DENIED IN PART. AA's Motion is denied in all respects except that Sajax's UCA claim is dismissed to the extent that it relies on the misappropriation of a trade secret. Counterclaim Defendants's Motion to Dismiss AA's copyright infringement claim is DENIED. The court will consider separately AA's request for attorney fees in connection with Counterclaim Defendants's motion.

DATED this 21st day of July, 2015.

                                        _____
                                        DALE A. KIMBALL
                                        United States District Judge

12