IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADVANCED RECOVERY SYSTEMS, LLC,<br><br>             Plaintiff,<br><br>vs.<br><br>AMERICAN AGENCIES, LLC, ET AL.,<br><br>             Defendants,<br><br>————————————————<br><br>AMERICAN AGENCIES, LLC,<br><br>             Counterclaimant,<br><br>vs.<br><br>ADVANCED RECOVERY SYSTEMS, LLC, SCOTT MITCHELL, BLAKE REYNOLDS,<br><br>             Counterclaim Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13CV283DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant American Agencies, LLC's Motion for Award of Attoneys' Fees and Sajax Software, LLC's Motion to Clarify Order, Or, In the Alternative, Request for Leave to Amend.  The motions are fully briefed.  However, the court concludes that a hearing would not significantly aid in its determination of the motions.  Accordingly, the court issues the following Memorandum Decision and Order based on the written submissions of the parties and the law and facts relevant to the pending motions.

**American Agencies' Motion for Attorney Fees**

Defendant American Agencies seeks $13,962.40 in attorney fees in connection with the Renewed Joint Rule 12(b)(6) Motion to Dismiss filed by Plaintiff/Counterclaim Defendants Advanced Recovery Systems, LLC ("ARS"), Kinum, Inc., Scott Mitchell, Blake Reynolds, and Brent Sloan (collectively "ARS Parties").  American Agencies asks the court to exercise its equitable authority to compensate it for the attorney fees it incurred in defending against the ARS Parties' motion to dismiss because it alleges that the motion was unfounded, unsupported, and an abuse of the judicial process.

A court may exercise its equitable power and award feeds where a party has acted "vexatiously."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).  The court is empowered "to sanction conduct that abuses the judicial process."  *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765 (10th Cir. 1997).  American Agencies argues that the ARS Parties have acted vexatiously and abused the judicial process by filing the joint motion to dismiss after three practically identical motions to dismiss were mooted by the court and by making almost no effort to support the joint motion when it came for decision before the court.

However, the ARS Parties claim that the court expressly authorized them to file the joint motion to dismiss.  In the court's January 27, 2015 Order Granting Motion for Leave to File Second Amended Counterclaim, which deemed the ARS Parties' prior motions to dismiss moot, the court stated that the ARS Parties could "file amended motions to dismiss if necessary."  This statement, however, is only authorization to file a motion that is necessary, not a blanket authorization to bring any motion.  Moreover, the court denied the motion to dismiss.  Therefore, the court's statement allowing a necessary motion is not particularly relevant to the court's determination of whether an unsuccessful motion was vexatious and the ARS Parties' reliance on

it is misplaced.

The ARS Parties also assert that its joint motion to dismiss is not vexatious because American Agencies' amended counterclaim corrected its failure to identify the alleged copyrighted works but not American Agencies' failure to identify the allegedly infringing acts or works. The ARS Parties contend that they filed the joint motion to dismiss seeking clarity on their arguments that had not previously been addressed by the court. The court recognizes that as a result of American Agencies' requests to amend its counterclaim, which was filed in response to the ARS Parties' motions to dismiss, the court's prior orders were brief and certain arguments may not have been addressed. The court, therefore, concludes that the ARS Parties' filing of their renewed joint motion to dismiss was not vexatious or an abuse of process.

Nonetheless, the court has concerns with the ARS Parties' conduct after filing the motion to dismiss. The ARS Parties failed to file a reply memorandum in support of their joint motion to dismiss and failed to appear at the court's hearing on the motion. The ARS Parties argue that a reply memoranda is not required and a scheduling error caused counsel to miss the hearing. Counsel does not explain how the scheduling error occurred. The court has occasionally had attorneys miss hearings because of scheduling errors, but in such situations, it has been the court's experience that counsel always contacts the court when the error is discovered. In contrast, counsel in this case made no attempt to contact the court about missing the hearing. Although the ARS Parties claim that they intended to go forward with their motion, all of their conduct is consistent with having no intention to proceed. This conduct, whether intentional or not, wasted the court's time and caused unnecessary expense to American Agencies. Despite this frustrating situation, the court acknowledges that the law only allows it to sanction intentional conduct and there is no concrete evidence of intentional misconduct. Accordingly, the court

denies American Agencies' motion for attorney fees.

### Sajax's Motion to Clarify Order or to Amend

Sajax asks the court to clarify its July 21, 2015 Memorandum Decision and Order. In the Order, the court dismissed Sajax's claim under the Utah Unfair Competition Act to the extent that it was based upon the misappropriation of a trade secret. The court finds nothing confusing about its ruling. The parties had fully briefed the issue, both parties knew what was at issue, and the court agreed with American Agencies' arguments. The court's ruling was simply that a party cannot bring a Trade Secrets Act claim under the Unfair Competition Act. This is a straightforward ruling and the court finds no basis for further clarifying the ruling. Sajax must evaluate its remaining allegations under the claim through discovery and further motions.

In the alternative, Sajax moves for leave to amend its Unfair Competition Act claim. The court, however, agrees with American Agencies assessment that Sajax's approach is a complex solution to a nonexistent problem. Sajax's proposed amendment reiterates and essentially repeats already existing allegations. The interests of justice are not served by such an amendment. Moreover, such an amendment is futile because the claims Sajax seeks to add are duplicative of Sajax's existing breach of contract and Trade Secrets Act claims. Therefore, the court denies Sajax's motion for leave to amend its counterclaim.

### Conclusion

Based on the above reasoning, Defendant American Agencies, LLC's Motion for Award of Attoneys' Fees is DENIED and Sajax Software, LLC's Motion to Clarify Order, Or, In the Alternative, Request for Leave to Amend is DENIED.

DATED this 1st day of October, 2015.

                      BY THE COURT:

                      _____
                      DALE A. KIMBALL
                      United States District Judge