IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

ADVANCED RECOVERY SYSTEMS, LLC,
a Utah limited liability company,

                 Plaintiff,

v.

AMERICAN AGENCIES, LLC, a
Pennsylvania limited liability company; NRA
GROUP, LLC dba NATIONAL RECOVERY
AGENCY, a Pennsylvania limited liability
company; STEVEN C. KUSIC,
CEO/managing member of American
Agencies, LLC and/or NRA Group, LLC; and
STEVEN C. KUSIC, an individual,

                 Defendants.

---

AMERICAN AGENCIES, LLC,
            Defendant/Counterclaimant,

v.

ADVANCED RECOVERY SYSTEMS, LLC;
SCOTT MITCHELL, an individual; BLAKE
REYNOLDS, an individual; KINUM, INC;
BRENT SLOAN, an individual; and SAJAX
SOFTWARE, LLC
           Plaintiff/Counterclaim Defendant.

---

SAJAX SOFTWARE, LLC,
           Counterclaimant,

v.

AMERICAN AGENCIES, LLC,
           Counterclaim Defendant.

**MEMORANDUM DECISION AND
ORDER**

Case No. 2:13-cv-283-DAK-BCW

District Judge Dale A. Kimball

Magistrate Judge Brooke C. Wells

District Judge Dale A. Kimball has referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the Court is American Agencies' ("AA") Motion for Protective Order,[2] and Sajax Software, LLC's  ("Sajax") Motion to Compel AA to Produce Requested Information.[3]  On November 9, 2015, the Court heard oral argument on these motions.  At the hearing, AA was represented by Mr. Michael Erickson and Mr. Robert Rice, and Sajax was represented by Mr. Aaron Dodd.   At the conclusion of the hearing, the Court took the motions under advisement.[4]  Since oral argument, the Court has further considered the arguments made by counsel in their briefs and at the hearing, the procedural posture of this case, this Court's previous orders, and relevant case law.  Now being fully informed, the Court issues the following Memorandum Decision and Order.

## BACKGROUND

The fact discovery deadline in this case was June 1, 2015.[5]  On June 3, 2015, the parties filed a "Stipulated Motion to Amend Scheduling Order" ("Stipulation") [6]  Within the Stipulation to modify the existing schedule in the case, the parties agreed to "…exchange all discoverable information to their respective experts as expeditiously as possible but they agree such submissions may be made after the closeout of fact discovery."[7]

On September 25, 2015, the Court held oral argument on the parties' Stipulated Motion to Amend Scheduling Order.[8]  Although the motion was stipulated, the Court held oral argument

---

[1] Docket no. 118.

[2] Docket no. 158.

[3] Docket no. 160.

[4] Docket no. 169.

[5] *See* docket nos. 76, 120 and 156.

[6] Docket no. 119.

[7] Docket no. 119.

[8] Docket no. 15.

because the proposed scheduling order was the seventh amendment sought by the parties.  After hearing argument from counsel, the Court denied the Motion to Amend/Correct the Scheduling Order and extended the deadline for expert reports to December 15, 2015 and ordered that all deadlines thereafter be moved to reflect this extension.  The fact discovery deadline remained unchanged.  The Court further ordered "…this is the final scheduling order, whether sought by stipulation or motion of all or any of the parties…"[9]  However, there was discussion on the record and it appeared that a dispute regarding discovery was yet to be resolved.  Due to this, the Court further ordered that "the fact discovery period in this matter is closed; however, this order does not prohibit any party from filing a discovery-related motion with the Court."[10]

On October 19, 2015, AA filed a Motion for Protective Order "seeking protection from Sajax seeking fact discovery after the deadline, including Sajax's October 8, 2015 request for discovery."[11] The October 8th requests sought (i) the FICO Software "out of the box," (ii) source code for AA's "NRA Creditor Reports Portal," and (iii) source code for AA's "pre-processing software."  Thereafter on October 23, 2015, Sajax filed a Motion to Compel seeking (1) "Defendant/Counterclaim Plaintiff AA to produce the different versions of the FICO software database system in its possession; and (2) AA to pay Sajax's reasonable attorneys' fees incurred in making this Motion.  Thus, both motions seek information related to the FICO Software.  Relevant to the Court's decision is the Declaration from Sajax's expert, Dr. Gareth Loy, attached to the Motion to Compel which states in relevant part:

4.      I participated in the remote WebEx inspection on September 24 and 25, 2015, with AA and FICO.

---

[9] Docket no. 156.

[10] *Id*.

[11] Docket no. 158.

5.      During the inspection, I asked the persons conducting the inspection to show me the modifications AA made to the FICO software.

10.     The access to the FICO software I was given on September 24 and 25 is not sufficient to fully and completely determine the level and extent to which AA modified the FICO software in a manner that replicates the functionality of the ARS Software.

11.     To fully complete the analysis for which I have been retained, I need to have the questions asked during the inspection answered, or I need to compare a clean version or 'out of the box' version of the FICO software with the modified version that is resident on AA's computers.

12.     AA should be able to grant the necessary access to both the 'out of the box' version and the modified version through a secure VPN connection or a secure VNC connection with an SSH tunnel.  I will need continued access up through December 15, 2015, the date the expert reports are due.[12]

## ANALYSIS

The following general standards govern civil discovery in federal court. "[A] court may 'make any order which justice requires protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"[13]   Accordingly, "[t]he district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."[14]   The general scope of discovery is governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[15] Moreover,

"…discovery is not limited to issues raised by the pleadings, for discovery itself is designed to

---

[12] Exh. J, docket no. 162.

[13] Richards v. Convergys Corp., No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 WL 474012, at *2 D.Utah 2007)(citing Fed. R. Civ. P. 26(c)).

[14] Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd., 600 F.3d 1262, 1271 (10th Cir.2010) (quotations and citations omitted).

[15] Fed.R.Civ.P. 26(b)(1).

help define and clarify the issues.'"[16] "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."[17]

Here, upon review of the materials submitted by the parties in relation to this Motion and upon consideration of the arguments, the Stipulation and statements made by counsel at oral argument, it appears that the interests of justice are best served if Sajax's expert is able to clarify issues raised during the September inspection. Although fact discovery has been closed for some time in this case, AA continued to produce documents past the fact discovery deadline and now argues "enough is enough." However, it seems nonsensical to the Court that if questions arose during Sajax's expert's examination of the software allowed by AA—which occurred after fact discovery and on the same date of the September 25th hearing that AA is now able to use the close of fact discovery as one of the arguments for its Motion for Protective Order. AA can't have it both ways. In addition, despite the assertions in the briefs, it appears that the plain language of the June 2015 stipulation contemplates further exploration of issues raised by Sajax's expert. The information is related to expert discovery and appears to be discoverable. Lastly, the Court finds AA has not adequately demonstrated to the Court that further exchange of discovery which would aid Sajax's expert in making his determination would cause any undue burden, oppression or other unreasonable expense to AA.

However, that being said, as the Court has indicated previously, this case needs to proceed forward. At oral argument, when asked how long the inspection of the software would take, counsel for Sajax suggested that the inspection could take upwards of three months. Therefore, in an attempt to strike a balance, the Court is not going to allow for full inspection of

---

[16] Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir.1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).

[17] Richards, (quoting Munoz v. St. Mary–Corwin Hosp., 221 F.3d 1160, 1169 (10th Cir.2000)).

the different versions of the FICO Software as Sajax requests.  Although not specifically requested in the Motion to Compel, Sajax's expert stated that he could complete his analysis with his questions asked during the inspection being answered fully or access to the software. Therefore, the Court finds Sajax's experts' alternative request to have the questions raised during the inspection questions answered through written discovery to best serve the needs of this case in an efficient fashion.

## CONCLUSION & ORDER

Therefore, for the foregoing reasons, the Court HEREBY ORDERS that:

(1) Defendant American Agencies's Motion for Protective Order[18] is DENIED.

(2) Sajax Software's Motion to Compel American Agencies to Produce Requested Information[19] is GRANTED IN PART and DENIED IN PART.

(3) Accordingly, Sajax may propound additional interrogatories to AA that answer the questions posed by Sajax's expert during the inspection.  However, Sajax is limited to no more than 7 interrogatories.

(4) AA will not be required to produce any "out of the box" software to Sajax so long as the interrogatories are answered in a satisfactory fashion and answered to the full extent of AA's abilities without needless objections as to form.  In turn, Sajax is to strive to draft interrogatory questions to be as precise as possible in order to produce relevant information.

(5) Although the Court stated the Seventh Amended Scheduling Order is the last extension to the current schedule, the Court believes the current procedural posture of the case and the interests of justice warrant a very limited extension to provide for

---

[18] Docket no. 158.

[19] Docket no. 160.

this additional discovery the specific needs of this case.  Therefore, the expert report

deadline currently set for December 15, 2015 shall be extended a little over two

weeks until January 1, 2016 with all other dates remaining the same.

(6) The Court DENIES all requests for attorney fees and costs.

**IT IS SO ORDERED.**

 DATED this 25 November 2015.

Brooke C. Wells
United States Magistrate Judge