IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ADVANCED RECOVERY SYSTEMS, LLC,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**AMERICAN AGENCIES, LLC,**<br><br>    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13CV283DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff and Counterclaim Defendant Advanced Recovery Systems, LLC ("ARS") and Counterclaim Defendant Kinum's Motion for Reconsideration of Rulings in Memorandum Decision and Order Dated September 28, 2016 [Docket No. 320]. ARS and Kinum ask the court to revise its grant of partial summary judgment that AA has not breached the license agreement at issue in this case, that ARS has breached the License Agreement, and that ARS and Kinum violated the Utah Trade Secrets Act by misappropriating data that was housed in the ARS Software. The motion is fully briefed. The court concludes that oral argument would not significantly aid the court in determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the facts and law relevant to the motion.

It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Rule 54(b) provides that "any order or other form of

decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained:

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402-03. The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense. *Murtha*, 377 F.2d at 431-32 . . . . When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d 75 (1979) . . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431-32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion. A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or

supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

In their motion, ARS and Kinum contend that the court failed to view the evidence and inferences in the light most favorable to ARS and Kinum and erroneously applied the law. However, ARS and Kinum merely rehash prior unsuccessful arguments. The court already addressed and rejected these arguments. ARS and Kinum's present motion merely disagrees with the court's prior analysis. The court's prior ruling interpreted the plain language of the License Agreement. The interpretation of unambiguous contract language is well within the province of the court. The court also explained that, based on the contemporaneous evidence in the record before the court, no reasonable jury could conclude that the disputed $150,000 was not a disputed and questionable amount. ARS and Kinum did not provide evidence to the contrary and have not provided any new evidence or law that convinces the court that its prior ruling should be revisited or was clearly erroneous. Furthermore, ARS and Kinum's arguments with respect to the UTSA claim are without merit and mischaracterize or misunderstand the court's findings and conclusions.

ARS and Kinum advance no new evidence, arguments, or case law that were not already advanced or available to them at the time of the original motions. After considering each of their arguments, the court concludes that there is no basis for reconsidering or altering its prior ruling.

ARS and Kinum's proper recourse on their disagreements with the court's analysis is to raise them on appeal after the trial in this matter. Accordingly, ARS and Kinum's Motion for Reconsideration of Rulings in Memorandum Decision and Order Dated September 28, 2016 [Docket No. 320] is DENIED.

DATED this 2d day of February, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge