IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ADVANCED RECOVERY SYSTEMS, LLC,**  **Plaintiff,**  vs.  **AMERICAN AGENCIES, LLC,**  **Defendants.** | **MEMORANDUM DECISION AND ORDER**  Case No. 2:13CV283DAK  Judge Dale A. Kimball |

This matter is before the court on Counterclaim Defendants' Second Motion for Reconsideration of Rulings in Memorandum Decision and Order Dated September 28, 2016 [Docket No. 345]. The motion is fully briefed, and the court concludes that oral argument would not significantly aid the court in determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the facts and law relevant to the motion.

It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R.

Civ. P. 54(b). In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained:

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402-03. The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense. *Murtha*, 377 F.2d at 431-32 . . . . When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d 75 (1979) . . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431-32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion. A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must be made upon grounds other than a mere disagreement with

the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

In their motion, Counterclaim Defendants contend that the court erroneously granted summary judgment to AA on its misappropriation of trade secrets claim. Counterclaim Defendants assert that (1) there is a genuine issue of material fact as to whether the AA data was disclosed or acquired and that (2) the alleged use of the AA data is not use within the meaning of the UTSA as a matter of law. These arguments were clearly available to Counterclaim Defendants during the summary judgment briefing. Counterclaim Defendants do not claim that there has been a change in the law or that new evidence has come to light. New counsel engaged in trial preparation is not the kind of exceptional circumstances contemplated by the standard for a motion for reconsideration. *U.S. v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006) (securing new counsel gives no right to relitigate arguments that had been "duly considered and denied"); *Houck v. City of Prairie Village*, 1996 WL 560261, at *2 (D. Kan. Sept. 24, 1996) ("Entry of appearance by additional counsel in the case or lack of knowledge of outstanding discovery issues be new counsel does not warrant reconsideration of previously entered orders."). "Indeed, the interests of justice are disserved by permitting losing parties to present a series of revolving arguments through successive pleadings." *England v. Cox*, 2012 WL 3765109, at *1 (D. Kan. Aug. 30, 2012).

Counterclaim Defendants merely disagree with the court's prior analysis. The court held that ARS had improperly disclosed the AA data to Kinum, an industry competitor, and that Kinum improperly acquired the AA data when ARS sold the ARS Software to it and disclosed the AA data to Sajax when Kinum sold the ARS Software to Sajax. ARS did not have any

ownership interest in the AA data and the License Agreement between ARS and AA did not provide ARS with any such ownership interest. ARS knew that the AA data was housed in the ARS Software when it sold the ARS Software to Kinum and, therefore, transferred the electronic custody of the AA data, along with the power and ability to control access to that data, to Kinum, without AA's authorization. Kinum used the AA data in the operation of the ARS Software and then disclosed the AA data to Sajax without AA's authorization. The evidence presented on summary judgment established that AA had taken steps to keep the AA data confidential. AA contracted with ARS for the exclusive use of the ARS Software and for a right of first refusal to purchase the ARS Software. ARS then sold the ARS Software to Kinum without notifying AA. The evidence shows that ARS, then Kinum, and then Sajax held the control and possession of the ARS Software and AA's data housed within it. Their agent controlled the access to and the electronic custody of the AA data. AA presented evidence on summary judgment that it was damaged because of its inability to migrate its own data based and regain control of it.

The court already determined that based on the evidence before the court on summary judgment, that Kinum used the AA data for commercial use in order to get the monthly payments under the License Agreement. On a daily basis, Kinum would access and work with AA's data contained in the ARS Software and secretly receive payments for this use of AA's data. Kinum then sold the ARS Software and the AA data to Sajax. There was no evidence presented at summary judgment to rebut AA's position that ARS and Kinum used the AA data for gain, and Counterclaim Defendants have not presented any newly obtained evidence on this issue for purposes of their present motion. Counterclaim Defendants have not convinced the court that its prior ruling should be revisited or was clearly erroneous.

After considering each of Counterclaim Defendants' arguments, the court concludes that there is no basis for reconsidering or altering its prior ruling. Accordingly, Counterclaim Defendants' Second Motion for Reconsideration of Rulings in Memorandum Decision and Order Dated September 28, 2016 [Docket No. 345] is DENIED.

DATED this 27th day of February, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge