# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ADVANCED RECOVERY SYSTEMS, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>AMERICAN AGENCIES, LLC, ET AL.,<br><br>   Defendants,<br><br>AMERICAN AGENCIES, LLC,<br><br>   Counterclaimant,<br><br>vs.<br><br>ADVANCED RECOVERY SYSTEMS, LLC, SCOTT MITCHELL, BLAKE REYNOLDS,<br><br>   Counterclaim Defendants. | MEMORANDUM DECISION AND ORDER DENYING STAY<br><br>Case No. 2:13CV283DAK<br><br>Judge Dale A. Kimball |

   This matter is before the court on Kinum Inc., Advanced Recovery Systems ('ARS"), Scott Mitchell, Brent Sloan, and Blake Reynolds (collectively "Defendants") Motion for Stay Upon Appeal and Filing of Cash Bond. Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that a party must ordinarily first move in the district court to obtain a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8(a)(1).

   Rule 62 of the Federal Rules of Civil Procedure governs the district court's granting of a stay pending appeal. Rule 62(d) provides that an appealing party may obtain a stay on the

execution of a judgment by posting a supersedeas bond. *See* Fed. R. Civ. P. 62(d). "The purpose of requiring a supersedeas bond pending appeal 'is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.'" *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559 (10th Cit. 1996); *Farm Bureau Life Ins. Co. v. Am. Nat'l Ins. Co.*, Civ. No. 2:03CV646TC, 2009 WL 961171, *1, 73 Fed. R. Serv. 3d 246 (D. Utah April 8, 2009). "The appellee should not have to undertake the risk that the appellant's financial situation will deteriorate while appellant's appeal is pending. The appellee won in the district court. In fairness it should be able to obtain immediate protection for the full amount that may ultimately be due if the appellant opts to withhold immediate payment while exercising its appellate rights." *Farm Bureau*, 2009 WL 961171 at *2 (quoting *N. River Ins. Co. V. Greater N.Y. Mut. Ins. Co.*, 895 F. Supp. 83, 84 (E. D. Pa. 1995).

Typically a court sets the bond amount "to cover the full judgment, including costs, interest, and damages for delay." *Farm Bureau*, 2009 WL 961171 at *1 (citing *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). A court has discretion to waive or reduce Rule 62(d)'s bond security requirement only in unusual circumstances. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). "A full supersedeas bond may be required 'where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable,' whereas no bond or a reduced bond would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered." *Id.* (quoting *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154-55 (2d Cir. 1986). "In most cases," however, "courts are simply unwilling to accept a bond that represents less than the full amount of the assessed judgment." *Farm Bureau*, 2009 WL 961171 at *1.

"The appealing party has the burden of demonstrating objectively that posting a full bond is impossible or impractical." *Id.* Defendants argue that their financial situations do no tallow them to post a bond above $100,000. Defendants have submitted declarations stating that they have cannot obtain bonds for the judgment's full amount, they have no significant assets, and they will likely file for bankruptcy absent a stay of execution of judgment.

In *Miami Int'l Realty*, the Tenth Circuit found that a district court had not abused its discretion in allowing a reduced bond amount based on the debtor's evidence that he lacked sufficient assets to obtain a bond and execution on the judgment would place him in insolvency. *Miami Int'l Realty*, 807 F.2d at 874. However, in that case, the parties had engaged supplemental hearings and Rule 69 discovery, including a Rule 69 deposition. *Id.* In addition, the judgment debtor proposed a plan to provide the judgment creditor with as much security as possible. *Id.*

In contrast, in the present case, Defendants declarations are conclusory and lack any factual support. Defendants have not provided a single objective piece of evidence about their current financial situations and their conclusory representations are questionable based on evidence already in the record and evidence American Agencies' has found in public record searches. Sloan testified that his co-defendant Scott Mitchell was worth "several million dollars" and that his own "net worth was greater" than that. Sloan also testified that he had made a significant amount of money through his other business ventures and he was the primary source of funds for this litigation. However, nowhere in Sloan's declaration does he identify any business holdings or their value. Sloan's declaration also fails to identify the value of his security interests in trusts he created for his children right after this court issued its ruling on summary judgment awarding American Agencies $1,549,595.40. Reynolds failed to disclose his ownership of real property. And Mitchell failed to disclose his ownership of two boats in Florida

and any other tangible assets that he may have acquired given his past football contracts worth $32 million. Right after trial, Mitchell informed the court in an email that the court had to circulate to all parties in the case that he had paid millions in legal fees for this case. The ability to pay million of dollars in legal fees, but inability to get a judgment bond, requires more disclosures to the court regarding available assets. Furthermore, Kinum failed to provide up-to-date financial information, which certainly should have been provided, even though there was testimony at trial that things were getting much better for the company and it was just getting out of the woods as a company. Unlike the judgment creditor in *Miami Int'l Realty*, American Agencies has presented evidence demonstrating contradictions and missing information that belie Defendants' conclusory declarations.

In addition to Defendants' lack of candor as to their financial situations, the court is troubled by Defendants complete lack of a plan to provide American Agencies with as much security as possible. At one point during the litigation Defendants disclosed that there may be some insurance coverage. However, Defendants made no mention of insurance in its current motion. The proposed $100,000 bond is a mere fraction of a percentage of the judgment amount.

The court concludes that Defendants have not provided the court with enough evidence to support a reduction in the bond amount. There are simply too many factual inconsistencies for the court to accept Defendants' conclusory assertions. The parties should proceed to conduct Rule 69 discovery and provide the court with a complete financial picture for each Defendant from the time when Defendants had reason to believe that they may become liable to American Agencies. The court is willing to revisit the issue of a stay after there is evidence before the court. However, based on the present record, Defendant's motion to stay is denied based on the inadequacy of the proposed bond.

DATED this 9th day of January, 2018.

_____
DALE A. KIMBALL
United States District Judge