IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADVANCED RECOVERY SYSTEMS, LLC, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> AMERICAN AGENCIES, LLC, et al., <br><br> Defendants/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING OBJECTIONS TO WRIT OF GARNISHMENT <br><br> Case No. 2:13-cv-00283-DAK-BCW <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Pending before the court are Counter Defendant Brent Sloan's *Reply to Writ of Execution and Request for Hearing*[2] and *Objection of Party Claiming Interest in Property Subject to Writ and Request for Hearing*.[3] The court held oral argument on March 14, 2019.[4] Having considered the parties' memoranda and arguments, the court finds the objections to execution of the writ are not warranted. Accordingly, both motions are DENIED.

## BACKGROUND

A trial by jury was held in this action in March 2017.[5] A judgment was entered in favor of Plaintiff and against multiple defendants, including Brent Sloan ("Sloan"), on May 4, 2017.[6]

---

[1] ECF No. 505.

[2] ECF No. 562.

[3] ECF No. 563.

[4] ECF No. 571. Shawna Sloan did not personally attend the hearing, but her counsel was present.

[5] ECF Nos. 438 and 439.

[6] ECF No. 462.

A Revised Judgment was entered on December 1, 2017, wherein Sloan was jointly and severally liable for $3,139, 544.96 and individually liable for $315, 325.00.[7] Plaintiff proceeded to file writs of garnishment against the judgement debtors, including Sloan. The writ against Sloan seeks to execute on stock of the Kid to Kid Franchise System, Inc. to satisfy the judgment. The undersigned held a supplemental hearing on January 24, 2018.[8] Thereafter, Plaintiff filed Applications for Writ of Continuing Garnishment against Sloan.[9] The Clerk of Court issued the Writ of Execution on November 8, 2018,[10] and the objections currently before the court followed.[11]

## DISCUSSION

Pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure,

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in the proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The Utah Rules of Civil Procedure set forth the procedures for writs of execution in Rules 64 and 64E. Sloan and Shawna Sloan argue the application for writ does not comply with the requirements set forth in Rule 64E. Specifically, Sloan alleges the writ was issued improperly because:

(1) The Court Clerk failed to attach the writ to plaintiff's application, with a detailed description of the property, judgment, notice of exemptions and reply form as required by U.R.Civ.P 64(d)(2)(C);

---

[7] *Id.*

[8] ECF No. 544.

[9] ECF No. 552 and 555.

[10] ECF No. 558.

[11] *See* ECF Nos. 562 and 563.

> (2) The Court Clerk did not serve "any person named by the plaintiff as claiming an interest in the property" as required by Rule 64(d)(3)(A); and
> (3) the application for writ did not contain the "estimated value of the property" and "name and address of any person known to the plaintiff to claim an interest in the property" as required by Rule 64E.[12]

Shawna Sloan alleges the "items at issue in the writ are mine or have an interest in the same which is senior to that of Plaintiff's interest."[13] Pursuant to Rule 64E (d)(1) and (2) the court held an evidentiary hearing to address Sloan and Shawna Sloan's objections. The court will now address each of the objections raised by the Sloans below.

First, the court notes the Preliminary Return of Service for Writ of Execution,[14] which contains a perjury declaration, states that on November 8, 2015, the Deputy Constable served on Sloan the "Writ of Execution & Application for Writ of Execution, & Notice, & 2 Requests for Hearing, & Notice of Constable Sale."[15] Thus, based on the evidence in the record, it appears Sloan was served all the documents and forms required pursuant to Rule 64(d) (2)(C). Next, Sloan argues the writ lacks a "description of the property." However, the writ describes the property to be seized as "[a]ny and all stock (whether certified or uncertified) owned by Brent Sloan in Kid to Kid Franchise System, Inc., . . . as well as certain debt of Sloan entered jointly and severally, . . . in the amount of $3,139, 544.96, . . . minus any credit of payments received, and including applicable post-judgment interest, through November 6, 2018, is at least $2,609, 449.32 and judgment entered against Sloan for his unshared liability . . . in the amount of $315,325.00 . . . including applicable post-judgment interest, is at least $320,083.38[.]"[16]

---

[12] *See* ECF No. 562.

[13] *See* ECF No. 563.

[14] ECF No. 565.

[15] *Id.*

[16] *See* ECF No. 558.

Accordingly, the Judgement Debtor has specifically identified the property to be sold—the stock needed to pay of the Judgment. Nevertheless, Sloan argues the description of the property is not sufficient because the actual value of the stock is not included. But this is a private not publicly traded company thus the fair market value of the stock is unknown until an actual public sale of the stock occurs. It is possible that all of the stock may need to be sold to cover the Judgment. Finally, Sloan argues the Clerk did not serve "other persons claiming to have interest in the property," such as his wife Shawna Sloan. However, a review of the tax returns for both Sloan and Kid to Kid Franchise System, Inc., from 2013 through 2017 show Brent Sloan is the sole shareholder.[17] His wife is not referenced anywhere. Thus, based on the evidence in the record, it appears the only person who has an interest in the property is Sloan. Even if this argument was valid, Shawna Sloan both filed an objection to the writ, thus it appears she received notice of the writ and was thus not prejudiced. The Sloans did not provide any information regarding other persons having an interest in the property. Based on the foregoing, the court finds the Writ of Execution was appropriately issued by the Court Clerk and served on Sloan.

## ORDER

For the reasons set forth above the Court DENIES the Sloans' objections, ECF Nos. 562 and 563.

DATED this 15th day of April, 2019.

_____
Brooke C. Wells
United States Magistrate Judge

---

[17] *See* ECF No. 564-1 at 2-17.