# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ADVANCED RECOVERY SYSTEMS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AGENCIES, LLC, ET AL.,<br><br>Defendants, | **MEMORANDUM DECISION AND ORDER DENYING STAY**<br><br>Case No. 2:13CV283DAK<br><br>Judge Dale A. Kimball |
| AMERICAN AGENCIES, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>ADVANCED RECOVERY SYSTEMS, LLC, SCOTT MITCHELL, BLAKE REYNOLDS,<br><br>Counterclaim Defendants. | |

This matter is before the court on Defendant Brent Sloan's Motion for Stay Upon Appeal and Filing of Cash Bond. The motion is fully briefed, and the court concludes that a hearing on the motion is not necessary. The court denied a similar motion in January of 2018. However, Sloan asks the court to reconsider a stay based on the Utah Supreme Court's February 27, 2019 decision in *C.R. England v. Swift Transportation Co.*, 2019 UT 8. After hearing oral argument on the appeal of this case, the Tenth Circuit abated the appeal pending issuance of the Utah Supreme Court's decision.

Rule 62 of the Federal Rules of Civil Procedure governs the district court's granting of a stay pending appeal. Rule 62(d) provides that an appealing party may obtain a stay on the execution of a judgment by posting a supersedeas bond. *See* Fed. R. Civ. P. 62(d). "The purpose of requiring a supersedeas bond pending appeal 'is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.'" *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559 (10th Cit. 1996); *Farm Bureau Life Ins. Co. v. Am. Nat'l Ins. Co.*, Civ. No. 2:03CV646TC, 2009 WL 961171, *1, 73 Fed. R. Serv. 3d 246 (D. Utah April 8, 2009). "The appellee should not have to undertake the risk that the appellant's financial situation will deteriorate while appellant's appeal is pending. The appellee won in the district court. In fairness it should be able to obtain immediate protection for the full amount that may ultimately be due if the appellant opts to withhold immediate payment while exercising its appellate rights." *Farm Bureau*, 2009 WL 961171 at *2 (quoting *N. River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 895 F. Supp. 83, 84 (E. D. Pa. 1995).

Typically a court sets the bond amount "to cover the full judgment, including costs, interest, and damages for delay." *Farm Bureau*, 2009 WL 961171 at *1 (citing *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). In this case, Sloan states that the judgment against him is $2,923,689.11. Although his prior motion to this court asserted that his financial situation would not allow him to post a bond above $100,000, Sloan is now willing to post a bond in the amount of $215,325. That amount, however, is only 7% of the value of the current judgment.

A court has discretion to waive or reduce Rule 62(d)'s bond security requirement only in unusual circumstances. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). "A full supersedeas bond may be required 'where there is some reasonable likelihood of the

judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable,' whereas no bond or a reduced bond would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered." *Id.* (quoting *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154-55 (2d Cir. 1986). "In most cases," however, "courts are simply unwilling to accept a bond that represents less than the full amount of the assessed judgment." *Farm Bureau*, 2009 WL 961171 at *1. "The appealing party has the burden of demonstrating objectively that posting a full bond is impossible or impractical." *Id.*

Sloan contends that $215,325, plus interest, is the most he will likely be liable for after the Tenth Circuit's ruling. This contention is based on (1) Sloan's belief that the Tenth Circuit will reverse the judgment against him on the interference with contract claim and (2) the separate, confidential settlements between American Agencies and some of Sloan's codefendants who were found jointly and severally liable with Sloan on other claims. However, Sloan acknowledges that the Utah Supreme Court's decision in *C.R. England* does not mandate reversal of the interference with contract judgment and the timing of Tenth Circuit's ruling is unknown.

Sloan's renewed motion for a stay is no longer premised on an inability to secure a full bond. Rather, he seeks to stay execution on the judgment because of its possible effects on his business interests. Sloan seeks to prevent American Agencies' execution on his stock of Kid to Kid Franchise System, Inc., an event Sloan contends would cause him irreparable harm because it cannot be easily undone in the event of a reversal by the Tenth Circuit. Sloan, however, could avoid this harm and ensure a stay of execution by posting a bond in the full amount of the current judgment. Sloan has made no argument in this current motion that he is financially unable to

secure a bond.  As with the prior motion to stay, Sloan fails to mention his financial situation despite his testimony at trial that his net worth was greater than Mitchell's several million dollars, his testimony that he was the source of funding for the litigation, his creation of trusts for his children after the court's ruling on summary judgment, and his ownership of the successful Kid-to-Kid franchising system.  Sloan cites to cases where parties presented affidavits to the court explaining how the collateral for the bond could not be restored even if the company prevailed on appeal.  Sloan provided no such affidavit, only conclusory arguments in a brief stating that Sloan's "personal finances and business enterprises will be irreparably harmed."  In one brief Sloan states that American Agencies was forcing his to sell Kid-to-Kid, whereas in another brief he states only stock in the business.  The court has no information on the worth of the business in comparison to the amount of stock that would need to be sold.  In his final brief, Sloan states vaguely that the sale of stock cannot be easily undone, which is not a clear statement of irreparable harm.

Rather than specifically showing irreparable harm to his finances or business interests, Sloan asks the court to engage in speculation about the likelihood of a claim being reversed on appeal and the likely amount of his ultimate liability as a means to prevent the sale of his stock.  Although the likelihood of reversal on the interference with contract claim is greater after the *C.R. England* decision, there were several other claims at issue in this case and the outcome of the appeal and Sloan's ultimate liability is uncertain.  Sloan himself acknowledges that the *C.R. England* decision does not mandate reversal.  Instead of attempting to provide the most surety possible to the judgment holder, Sloan seeks to have the court turn the law upside down and require a bond in the smallest amount conceivable.  The court finds that Sloan has failed to meet his burden of demonstrating that the bond should be in an amount less than the full judgment.

Accordingly, Sloan's motion to stay upon appeal and filing of cash bond [Docket No. 572] is denied based on the inadequacy of the proposed bond.

DATED this 29th day of April, 2019.

*Dale A. Kimball* (signature)
DALE A. KIMBALL
United States District Judge